UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DENTAL HEALTH PRODUCTS INC.,

    Plaintiff,

v.                                          Case No. 21-C-1358

SUNSHINE CLEANING GENERAL
SERVICES, INC. and
THE GLOBAL GROUP FUNDING INC.,

    Defendants.

---

## DECISION AND ORDER

---

Plaintiff Dental Health Products Inc. (DHP) brought this action against Defendants Sunshine Cleaning General Services, Inc. and The Global Group Funding Inc., asserting claims of breach of contract, intentional misrepresentation, negligent misrepresentation, strict liability misrepresentation, and third-party beneficiary of contract under Wisconsin law. Sunshine removed the action from Brown County Circuit Court to this Court on November 23, 2021. On February 10, 2022, Global filed a motion to dismiss for lack of personal jurisdiction and for failure to state a claim. Sunshine filed a notice of joinder of the motion to dismiss, the memorandum of law, and the declaration in opposition on March 3, 2022.

## LEGAL STANDARD

Rule 12(b)(2) of the Federal Rules of Civil Procedure governs motions to dismiss for lack of personal jurisdiction. Although the plaintiff need not include facts alleging personal jurisdiction in the complaint, "once the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating

the existence of jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). While the plaintiff has the burden of proving personal jurisdiction, the burden is not a heavy one. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 799–800 (7th Cir. 2014). In deciding whether personal jurisdiction exists, the Court may rely on the complaint, affidavits, deposition testimony, exhibits, or other evidence in the record. *See Purdue*, 338 F.3d at 782. "When the district court bases its determination solely on written materials and not an evidentiary hearing, plaintiffs must only make a *prima facie* showing of personal jurisdiction over the defendants to survive a motion to dismiss." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019).

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Rule 8 mandates that a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that a complaint must contain factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a plaintiff is not required to plead detailed factual allegations, it must plead "more than labels and conclusions." *Id.* A simple, "formulaic recitation of the elements of a cause of action will not do." *Id.* In evaluating a motion to dismiss, the Court must view the plaintiff's factual allegations and any inferences reasonably drawn from them in a light most favorable to the plaintiff. *Yasak v. Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chi.*, 357 F.3d 677, 678 (7th Cir. 2004).

## ALLEGATIONS CONTAINED IN THE COMPLAINT

DHP is a Wisconsin corporation with its principal place of business located in New Franken, Wisconsin. Sunshine is a Virginia corporation and Global is a Florida corporation. DHP

entered into an Escrow and Purchase Agreement with Sunshine on February 8, 2021, for 246,000 boxes of MSCS1532 medical grade nitrile gloves. Before entering into the agreement, DHP advised Sunshine and Global that the gloves were being purchased for resale in the medical and dental industry to buyers who had a timely need for the gloves due to demand created by the COVID-19 pandemic.

DHP alleges that, to induce it into the agreement, Defendants assured DHP that they would receive the gloves within the delivery schedule set forth in the agreement. It asserts that, to further induce it into the sales transaction, Global provided DHP with letters of attestation issued by its attorney on two separate occasions that purported to confirm that Defendants could source the requisite quantity of gloves. Global represented to Sunshine that it had a direct source for the gloves and that Global could produce, or otherwise obtain, gloves in sufficient quantities to satisfy DHP's requirements. In reliance on Global's representations, DHP alleges that Sunshine entered into the agreement with DHP and entered into a letter agreement and escrow agreement with Global on February 12, 2021, for the purchase of sufficient quantities of the gloves to meet DHP's requirements. In connection with the Escrow and Purchase Agreement, DHP issued a purchase order to Sunshine for 246,000 units of gloves at a total price of $2,706,000.00 for the first set of shipments. DHP alleges that Defendants represented to DHP that Sunshine, through Global, had additional capacity for the supply of gloves. Pursuant to the agreement and based on Defendants' representations, DHP paid Defendants' escrow agent $2,706,000.00.

DHP asserts that Global failed to timely supply the gloves required under the agreement to DHP. On March 1, 2021, Defendants received a notice that there would be a delay in the delivery of the first shipment of gloves, purportedly due to issues with a letter of credit. Defendants later informed DHP that the delay in shipments was solely due to air freight and sea freight

3

Case 1:21-cv-01358-WCG   Filed 05/23/22   Page 3 of 7   Document 26

arrangements and third-party inspection delays. Prior to March 9, 2021, Global became aware of reports that the supplier of the gloves was using a manufacturing facility that did not have a license or authority to make the gloves specified in the agreement. On March 9, 2021, Defendants received notice that there was a dispute between third parties as to who owned the license to manufacture the gloves that were referenced in the agreement.

Global was unable to source satisfactory replacement gloves, despite its promises to do so. As a result, Sunshine breached its agreement with DHP. DHP asserts that, as a direct result of the breach, it has suffered damages of not less than $17,568,000.00 and that Defendants have refused to pay DHP for its damages. DHP brought the instant action asserting claims of breach of contract against Sunshine; intentional misrepresentation, negligent misrepresentation, and third-party beneficiary of contract against Global; and strict liability misrepresentation against both defendants.

## ANALYSIS

### A. Personal Jurisdiction

Global argues that this Court lacks personal jurisdiction over it. "A district court sitting in diversity has personal jurisdiction over a nonresident defendant only if a court of the state in which it sits would have jurisdiction." *Purdue*, 338 F.3d at 779 (citation omitted). Under Wisconsin law, a court must employ a two-step inquiry to determine whether personal jurisdiction may be exercised over a nonresident defendant. The court first determines whether the defendant meets any of the criteria for personal jurisdiction under Wisconsin's long-arm statute, Wis. Stat. § 801.05. *Kopke v. A. Hartrodt, S.R.L.*, 2001 WI 99, ¶ 8, 245 Wis. 2d 396, 629 N.W.2d 662. If not, the court does not have jurisdiction, and the inquiry ends there. But if the statutory requirements are satisfied, the court considers whether the exercise of jurisdiction comports with the requirements

4

of due process. *Id.* The plaintiff bears "the minimal burden of establishing a prima facie threshold showing" that the statutory and constitutional requirements are satisfied. *Id.* (citation omitted).

DHP asserts that Global is subject to jurisdiction under § 801.05(4)(a) of Wisconsin's long-arm statute. That section provides, "In any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury . . . [s]olicitation or service activities were carried on within this state by or on behalf of the defendant." Wis. Stat. § 801.05(4)(a). DHP maintains that Global engaged in solicitation or service activities when it provided two letters of attestation at DHP's request. It argues that making those misrepresentations to a Wisconsin corporation is "sufficient to provide personal jurisdiction." Pl.'s Br. at 15, Dkt. No. 19. "[A]ctivities related to a single, isolated transaction are insufficient to constitute solicitation and service activities." *Hous. Horizons, LLC v. Alexander Co.*, 2000 WI App 9, ¶ 13, 232 N.W.2d 178, 606 N.W.2d 263. To engage in "solicitation and service activities," a defendant must engage in "something more than isolated and fleeting encounters with the state of Wisconsin." *Id.* at ¶ 9. "The term requires that a defendant (or its representative) be engaged in some type of regular, ongoing or repetitive activities in Wisconsin." *Id.* at ¶ 14.

Here, Global has only engaged in "isolated and fleeting" contacts with the state of Wisconsin. *Id.* at ¶ 13. Its only connection to Wisconsin is the two letters of attestation it sent in February 2021 at DHP's request. Global has not otherwise engaged in direct business with a Wisconsin corporation or entity during its existence. DHP has not established that Global engages in regular, ongoing, or repetitive solicitation in the state of Wisconsin. Therefore, this Court does not have personal jurisdiction over Global under Wis. Stat. § 801.05(4). *See Burow v. Miethner*, No. 20-CV-579, 2021 WL 977072, at *4 (E.D. Wis. Mar. 16, 2021) (finding that defendants did

not engage in solicitation or service activities under § 801.05(4) because their entire connection to Wisconsin was through plaintiff and the transaction leading to the suit); *Maplewood Grove, LLC v. Johnson-Dulaney Builders, Inc.*, No. 08-C-791, 2009 WL 10676357, at *4 (E.D. Wis. Jan. 16, 2009) (holding that plaintiff did not demonstrate that defendants engaged in solicitation or service activities within Wisconsin because their sole contact involved mailing a construction contract to plaintiff in Wisconsin). Because DHP has not identified any other contact Global had with Wisconsin that could satisfy the long-arm statute, Global will be dismissed from this action for lack of personal jurisdiction.

**B. Economic Loss Doctrine**

Even though Global is dismissed as a defendant, Sunshine joined the motion to dismiss. As a result, the Court will consider the motion with respect to DHP's claims against Sunshine. DHP's strict liability misrepresentation claim against Sunshine is barred by the economic loss doctrine. The economic loss doctrine is a "judicially created doctrine" providing that parties to a commercial contract are generally prohibited from using tort remedies to recover for purely economic losses arising under the contract. *See Daanen & Janssen, Inc. v. Cedarapids, Inc.*, 216 Wis. 2d 395, 400, 573 N.W.2d 842 (1998). The application of the doctrine is based on three underlying policies: "(1) to maintain the fundamental distinction between tort law and contract law; (2) to promote commercial parties' freedom to allocate economic risk by contract; and (3) to encourage the party best situated to assess the risk [of] economic loss, the commercial purchaser, to assume, allocate, or insure against that risk." *Id.* at 403. Wisconsin courts have repeatedly held that "the economic loss doctrine bars misrepresentation claims based in negligence and strict responsibility." *Kaloti Enters., Inc. v. Kellogg Sales Co.*, 2005 WI 111, ¶ 30, 283 Wis. 2d 555,

6

699 N.W.2d 205 (collecting cases). In short, DHP's strict liability misrepresentation claim against Sunshine is barred by the economic loss doctrine and must be dismissed.

## CONCLUSION

For these reasons, Global Group Funding Inc.'s motion to dismiss (Dkt. No. 16) is **GRANTED**. Because the Court lacks personal jurisdiction over Global, it is dismissed as a defendant in this case. Therefore, Sunshine's crossclaim against Global is also dismissed. DHP's strict liability misrepresentation claim against Sunshine is dismissed. All that remains in this action is DHP's breach of contract claim against Sunshine.

**SO ORDERED** at Green Bay, Wisconsin this 23rd day of May, 2022.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge